CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 07 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALLEN R. MOSER, | ) |
| | ) Civil Action No. 7:15CV00062 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By:   Hon. Glen E. Conrad |
| | )        Chief United States District Judge |
| Defendant. | ) |

      The plaintiff, Allen R. Moser, has filed this action challenging certain provisions of the final decision of the Commissioner of Social Security establishing plaintiff's entitlement to a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. The Commissioner determined that plaintiff became disabled for purposes of his application for benefits on August 21, 2020, the date of his fiftieth birthday. In his appeal, Mr. Moser maintains that he became disabled for all forms of substantial gainful employment on March 1, 2009, as alleged in his application for benefits. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).

      This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff first became disabled for all forms of substantial gainful activity on August 21, 2010. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

As reflected above, Mr. Moser was born on August 21, 1960, and eventually completed his high school education. Plaintiff worked primarily as a construction laborer and foreman. He last worked on a regular basis in 2007. In his application for a period of disability and disability insurance benefits, Mr. Moser alleged that he became disabled on March 1, 2009 due to residuals of a heart attack, fatigue, decreased stamina, chest pain, shortness of breath, pain in his left heel associated with a prior injury, low back pain with radiation into the lower extremities, neck pain, bilateral hand pain, left shoulder pain with limited function, diabetes, and depression. He now maintains that he has remained disabled to the present time. The record reveals that Mr. Moser met the insured status requirements of the Act at all relevant times. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mr. Moser's application for benefits was approved upon initial consideration. Based on application of the medical vocational guidelines as set forth under the governing administrative regulations, it was determined that plaintiff became disabled for all forms of substantial gainful employment when he reached the age of fifty on August 21, 2010. (TR 137-40). In seeking reconsideration as to the date of disability onset, plaintiff again asserted that he became disabled on March 1, 2009, when he suffered his heart attack. (TR 149). However, the initial decision was adopted on reconsideration. (TR 85-95). Plaintiff then requested and received a de novo hearing and review before an Administrative Law Judge.

Following conduct of an administrative hearing, the Law Judge rendered her decision on August 30, 2013. The Law Judge found that Mr. Moser suffers from several severe impairments, including degenerative disc disease of the lumbar spine; status post left ankle arthrodesis; and coronary artery disease, status post heart attack and stents. (TR 17). Because of these

impairments, the Law Judge ruled that Mr. Moser is disabled for his past relevant work roles in the construction industry. (TR 23). However, the Law Judge determined that Mr. Moser retains sufficient functional capacity to perform a limited range of sedentary work activity. The Law Judge assess plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that, through the period in question, the claimant had the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for 2 hours in an 8-hour workday; and can sit for 6 hours in an 8-hour workday. He can occasionally climb stairs and ramps; can never climb ladders, scaffolds, or ropes; can occasionally balance, bend, stoop, kneel, crouch, and crawl.

(TR 18). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge applied the medical vocational guidelines so as to conclude that Mr. Moser became disabled for all forms of substantial gainful activity as of his fiftieth birthday on August 21, 2010. See 20 C.F.R. § 404.1569, and Rule 201.14 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. However, as to the period prior to his fiftieth birthday, given a residual functional capacity for a limited range of sedentary exertion, and based on the testimony of the vocational expert, the Law Judge applied Rule 201.21 of Appendix 2 so as to conclude that Mr. Moser was not disabled on or before August 20, 2010. (TR 23-24). Thus, the Law Judge ultimately concluded that plaintiff became disabled for all forms of substantial gainful employment on August 21, 2010, but that he was not disabled prior to that time. (TR 24). The The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social

3

Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Moser has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The court agrees that the medical record conclusively establishes that even after onset of his musculoskeletal problems, including a history of left ankle arthrodesis and plantar fasciitis, and even after his heart attack on March 1, 2009, Mr. Moser retained sufficient physical capacity to perform a wide range of sedentary work activity. Simply stated, the medical record confirms that while plaintiff continues to experience musculoskeletal pain in his back, knees, and ankles, he is fully capable of engaging in work in which he is permitted to sit throughout the workday. Moreover, the medical record confirms that plaintiff's cardiovascular problems stabilized within a year after his heart attack, with the placement of stents designed to relieve his arterial blockages. While plaintiff's testimony suggests that he experienced significant physical debilitation between March 1, 2009 and August 20, 2010, the court finds that the medical record fully supports the Law Judge's

4

determination that Mr. Moser regained the capacity to perform sedentary exertion within a few months following his heart attack, and that he did not become disabled within the meaning of the Social Security Act at any time prior to August 21, 2010. It follows that the final decision of the Commissioner must be affirmed. See Laws v. Celebrezze, supra.

In passing, the court also notes that, in assessing the date of plaintiff's disability onset, the Law Judge explicitly relied on the findings and opinions of two state agency physicians, Dr. Thomas Phillips and Dr. Wyatt Beazley. (TR 22-23). After reviewing the medical record, both physicians opined that Mr. Moser retained sufficient functional capacity for sedentary exertion at all relevant times prior to August 21, 2010. Thus, even assuming that the date of disability onset in plaintiff's case is ambiguous, the court believes that the Law Judge conducted the appropriate analysis contemplated by the United States Court of Appeals for the Fourth Circuit in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995).

On appeal to this court, plaintiff argues that the Administrative Law Judge failed to consider all of his impairments in combination. However, the court believes that the reports from the state agency physicians provide support for the Law Judge's assessment as to the functional impact of plaintiff's combination of physical impairments. Once again, the court believes that the Law Judge reasonably relied on such opinion evidence in concluding that Mr. Moser retains sufficient functional capacity to perform sedentary work activities.

Mr. Moser also contends on appeal that the Law Judge improperly discounted the credibility of plaintiff's testimony at the administrative hearing. Mr. Moser testified at the hearing that, because of pain in his foot and back, it was necessary for him to lie down during the critical period in time. (TR 40). He also noted that, after his heart attack, he experienced

5

shortness of breath, fatigue, and dizziness on a daily basis. (TR 45). However, the medical record indicates that Mr. Moser had good results from his surgical procedures. Stated differently, the court does not believe that there is any objective basis for plaintiff's complaints of debilitating symptomatology during the relevant period. It is well settled that, in order for subjective symptoms to be disabling, there must be objective medical findings establishing some condition that could reasonably be expected to produce the symptoms alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). The court believes that the medical reports compiled in this case in the months prior to August 21, 2010 simply do not reflect objective findings consistent with plaintiff's allegations of total disability.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Moser was free of all pain, discomfort, fatigue, and depression prior to his fiftieth birthday. Indeed, the medical record confirms that plaintiff has experienced significant musculoskeletal impairments, especially in the lower back and left ankle, and that he has suffered from a heart attack which caused a wide range of adverse symptoms. However, the fact remains that no doctor has suggested that Mr. Moser was disabled for sedentary forms of work activity prior to August 21, 2010. Indeed, as set forth above, the court believes that the Law Judge reasonably relied on opinions from two medical doctors in concluding that Mr. Moser retained the capacity for sedentary work, despite his subjective symptoms. Once again, it must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra.at 594-95. It appears that the Administrative Law Judge adequately considered plaintiff's subjective symptoms in the adjudication of plaintiff's claim for

6

an earlier disability onset date. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. <u>Richardson v. Perales</u>, <u>supra</u>; <u>Oppenheim v. Finch</u>, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 7th day of December, 2014.

_____
Chief United States District Judge